83-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

BRUCE KENNEDY,

        Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Blaine,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Andrew M. Small, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Donald Ranstrom, County Attorney, Chinook, Montana

Submitted on Briefs: April 5, 1984

Decided: August 22, 1984

Filed: AUG 22 1984

*Ethel M. Harrison*
—————————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant, Kennedy, appeals from an order of the District Court, Blaine County, amending the conditions of probation for one of appellant's two felony convictions, to include a thirty day prison sentence. This order followed a hearing on the State's petition to revoke a suspended sentence on one conviction and a deferred sentence on the other. The sentence was stayed pending this appeal.

On May 27, 1982, judgment was entered in the case of The State of Montana v. Bruce Kennedy, wherein Kennedy pled guilty to the charge of burglary in violation of section 45-6-201(1), MCA. The court entered its judgment deferring imposition of the sentence for a period of two years. On March 8, 1983, judgment was entered in another cause wherein Kennedy entered a plea of guilty to a charge of theft in violation section 45-6-301(2)(a), MCA. The theft to which Kennedy entered a guilty plea did not occur during the time he was on probation for entering the guilty plea to burglary, but nearly seven months prior to the May 1982 plea of guilty. The court at that time imposed a sentence of five years in the Montana State Prison, all of which was suspended for a period of three years beginning on the date of entry of judgment. Appellant was placed on supervised probation for both periods ordered above. Both sentences required that Kennedy be subject to the rules and regulations of the Community Corrections Bureau, all orders of the court and the restrictions set out in the standard parole and probation contract of the Montana Department of Institutions. On May 10, 1983, a report of violation was

filed with the District Court by appellant's probation officer, alleging violations of the conditions of probation. A hearing was held on May 13, 1983, where Kennedy requested counsel regarding a petition for revocation which was filed by the State. The matter was continued until May 24, 1983, when Kennedy appeared with counsel.

A hearing was held on the petition for revocation on May 24, 1983. The petition alleged violations of two rules of probation and one violation of the court condition No. 2 in the theft charge. The appellant denied the allegations as to the violation of Rule 1 and admitted the allegations pertaining to the violations of Rule 5 of the probation contract and violations of court condition No. 2 in the theft charge.

Three issues are presented by appellant. We have combined the following into two issues as inclusive of the three set forth by the appellant:

(1) Whether the appellant's right to due process were violated when he was ordered to go forward with his evidence in mitigation even though the State had offered no evidence and had not carried its burden of proof in support of its allegations in its petition of revocation of suspended and deferred sentences.

(2) In order to best achieve rehabilitation, whether revocation of a sentence should require a determination that the defendant cannot avoid antisocial behavior rather than a technical failure to comply with the rules of probation.

The first issue is not only dispositive, but is the only issue that applies to the facts of this case. The second issue need not be discussed.

Appellant argues that he was deprived of due process because the trial court, without the State presenting proof of the probation violation, directed appellant to go forward with proof that he did not violate the conditions of probation. We do not believe that this is what the trial court did or intended. Furthermore the record justifies the procedure taken, and we do not find it necessary to vacate the order and remand for further hearing.

We have reviewed the record and transcript which reveal that a revocation hearing was held in the District Court, with the appellant and his counsel present. Both appellant and his counsel acknowledge that they had received the petition for revocation and were familiar with it.

The court asked appellant how he responded to the charge in the petition that he failed to make himself available to the probation officer, failed to inform the officer of his whereabouts, and had not contacted the officer or the sheriff's office during a certain period of time. To that charge, the appellant stated: "Not true." Therefore, on that ground, the appellant appeared to have denied the same.

The court next considered the allegation of the petition that covered the last written monthly report submitted by the appellant, which was dated October 5, 1982 and the last time appellant appeared before his probation officer was December 7, 1982. The hearing that took place was on May 24, 1983. Looking to the position of the appellant as to the charge of failing to make appearances, we find the following occurred between the court and the appellant:

-4-

> "THE COURT: The last personal appearance before his probation officer was December 7, 1982. Is that admitted or denied?
>
> "MR. SMALL [counsel for appellant]: Pursuant to the terms of the order and the conditions of probation and parole agreement, that is correct.
>
> "THE COURT: OK. And that he has not appeared before Mr. Matkin [the supervising probation officer] since December 7, 1982. Does he deny or admit that?
>
> "A. [by appellant]: I admit that, Your Honor."

The court then asked whether the appellant admitted or denied the charge that he had made no contribution to the Western Bank (the victim of the second offense) for restitution, and had not consulted with the probation officer with regard to setting up a plan of restitution, all as contained in his conditions of probation. The appellant admitted he had not done so.

Thereafter, the court asked if the appellant had anything to say in mitigation of his admissions. Counsel for the appellant said "Yes, they have a substantial amount of testimony to put on." The parties then agreed to proceed. Counsel for the appellant asked if the State was to present its case with regard to the petition. At that point the court stated that in view of the admissions by the appellant, there was no reason for the State to submit evidence. Counsel for the appellant then pointed out the only reason for asking, was that if the State was not going to put on its evidence he would like to call the probation officer. The court advised him he could call anyone he wished. The appellant then proceeded to call various witnesses, starting with the probation officer.

-5-

The transcript of these hearings show that an agreement was reached between the court, appellant's counsel and the county attorney that the admissions on the part of the appellant as to the allegations in the petition for revocation went to both files, that is two different cases, with the denial to apply only to one allegation in both files. Subsequently, the following took place.

"THE COURT: You may call anybody you wish. Incidentally, will counsel agree that these admissions, the petition for revocation are the same in each file, and that the admissions go to each file?

"MR. RANSTROM [counsel for the plaintiff]: That's correct, Your Honor. My understanding is that the only three allegations contained therein, that the first one was denied, but the other two admitted, in substance?

"MR. SMALL [counsel for appellant]: That's correct, Your Honor. On the initial, the first allegation, Your Honor, my statement was that as the petition reads, it is denied.

"MR. RANSTROM: That was with regard to the allegation that he was to go directly to the approved program and shall report to the probation and the parole officer or other designated person, make himself available.

"THE COURT: At line 17 Rule 1 starting with the rule--

"MR. RANSTROM: That's correct.

"THE COURT: And that is denied by the defendant?

"MR. SMALL: Correct, Your Honor.

"THE COURT: Do you wish to put the testimony at this time on that?

"MR. SMALL: Yes, Your Honor. We would like to.

"THE COURT: Very well. You may proceed."

On the basis of this record, we conclude that appellant's due process rights were not violated. The District Court's order of imprisonment for thirty days is upheld.

_____John Conway Harrison_____
Justice

We concur:

_Frank I. Haswell_
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea dissents, and will file a written dissent later.